### ROYAL TAILORS v. MANHATTAN SIGHT–SEEING CO.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

CONTRACTS (§ 322*)—ACTIONS FOR BREACH—EVIDENCE—SUFFICIENCY.

Evidence *held* insufficient to show breach of a contract requiring defendant, who was engaged in running sight-seeing cars, to have them pass plaintiff's building three times a day and to have delivered a lecture in front thereof.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. § 322.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by the Royal Tailors against the Manhattan Sight-Seeing Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

Wayne M. Musgrave, of New York City, for appellant.

Edward B. Levy, of New York City, for respondent.

PER CURIAM. The parties herein entered into a written contract, by the terms of which the defendant, who was engaged in running sight-seeing cars in this city, contracted to pass plaintiff's building "approximately three times each day and evening during the sight-seeing season," and to deliver a certain lecture in front of the plaintiff's building on each trip, for a payment of $150, to be paid by the plaintiffs in sums of $50 each, at times stated in the agreement. The plaintiff made the first payment of $50, and, claiming that the defendant had failed to perform on its part, brought this suit to recover that sum, and has recovered a judgment for that amount.

We think that the plaintiff failed to show nonperformance of the terms of the contract. It will be observed that the agreement does not obligate the defendant to start its cars from any particular place, or at any specified times. The plaintiff's evidence as to a breach of the contract consists solely of one witness, who testifies that on October 2, 3, 4, and 5, 1912, he attempted to take a trip upon one of the defendant's cars at Forty-Second street and Seventh avenue, and at certain times on said dates, when he presented himself as a passenger, was informed ·

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the starter that no trip would be made. There is nothing to show that other cars at other times on said dates did not pass the plaintiff's place of business and deliver the lecture therefrom as provided for in the contract. This witness did not even know whether or not the cars starting from Forty-Second street and Seventh avenue were designed to pass plaintiff's building, and his whole testimony is confined to the statement that defendant's cars did not leave Forty-Second street and Seventh avenue at the times when he attempted to board them. On the other hand, the defendant submitted testimony to the effect that on the days in question the defendant ran cars from two to five trips each day passing plaintiff's building, and that the persons having the cars in charge were instructed to deliver the agreed lecture. The defendant's motion, made at the close of the case, to dismiss the complaint for failure to prove a breach of the contract, should have been granted.

Judgment reversed; with costs, and complaint dismissed, with costs, but without prejudice to a new action.